IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY D. CAIREL and | ) | |
| MARVIN JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  09 C 1878 |
| | ) | |
| CHICAGO POLICE DETECTIVES | ) | |
| JACOB ALDERDEN, STAR NO. 20431, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The individual Chicago police officer defendants in this case have moved to dismiss the complaint on several grounds. First, they contend that the gravamen of the complaint is that plaintiffs were falsely arrested. The two-year statute of limitations on a false arrest claim ran about two months before this complaint was filed. The defendants argue that Count I of the complaint, purporting to allege a due process violation, is barred by the two-year statute because nothing that happened after the date of plaintiffs' arrest supports a separate due process claim on which the statute would not have run.

At this initial pleading stage, we side with the plaintiffs. We do not have the facts necessary to say that there was no separately actionable conduct that took place after the date of the

arrest. (Neither party even informs us as to the alleged grounds for the arrest. What was the initial charge? Did it include the robbery of Elias Arias, who is not alleged to have conspired with the police officer defendants?). Count I alleges conduct by the defendants that went far beyond a simple arrest. It consisted of fabrication of a criminal case against the plaintiffs based on suggestive identification procedures, tampering with witness statements, exaction of the false confessions from the plaintiffs by means of coercion and trickery, and the intentional withholding of exculpatory information from the prosecutors. It is not clear at this stage of the proceeding that the plaintiffs' only cause of action is one for the alleged false arrest that took place on January 24, 2007.

The defendants' second ground for dismissal is that the due process and conspiracy claims in Counts I and II of the complaint are lacking in specificity as to what each defendant actually did. We believe the allegations are sufficient to fairly apprise the defendants of what they need to admit or deny. It is not unusual for plaintiffs in § 1983 police cases to be lacking in specific information as to the activities of each of the various defendants. The information is developed in discovery. The question at this point in the case is whether the defendants can plead to the complaint, and we think they can. Each defendant knows whether he participated, in one way or another, in the fabrication of a false case against these plaintiffs in the manner generally alleged in

Counts I and II. We expect that the defendants will answer the complaint with general denials, which is exactly what they would do if the complaint were considerably more specific than it is.

It may well be that at the conclusion of discovery some of these defendants will be entitled to judgment, or the plaintiffs may even decide to dismiss them voluntarily. But that will be on the basis of what the evidence discloses in the discovery process, not on the basis of the alleged deficiencies in the complaint.

Defendants' motion as to the remaining counts of the complaint is related to their arguments concerning Counts I and II. We will deny the motion as to these remaining counts as well.

## **CONCLUSION**

Defendants' joint motion to dismiss the complaint [14] is denied. The defendants should answer the complaint by March 19, 2010. Discovery should proceed forthwith (without waiting for the defendants' answer to the complaint), and a status conference is set for May 5, 2010 at 10:30 a.m.

DATE:	February 19, 2010

ENTER:	_____
	John F. Grady, United States District Judge